UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:24-CV-00197-JHM**

**ALLEN WILEY III**                                                                                                          **PLAINTIFF**

**v.**

**K.D.O.C.,** *et al.*                                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the amended complaint and supplements to the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed and dismiss some claims.

### I.

Plaintiff Allen Wiley III is incarcerated as a convicted prisoner at the Kentucky State Penitentiary ("KSP"). On December 30, 2024, Plaintiff filed his original complaint. [DN 1]. At the Clerk of Court's direction, Plaintiff then filed an amended complaint on a Court-supplied form. [DN 8]. On January 27, 2025, the Court permitted Plaintiff to amend his complaint to add additional relief and directed the filing to be attached as a supplement to the amended complaint. [DN 15]. On March 3, 2025, Plaintiff filed an additional filing which the Court now construes as another supplement to the amended complaint. [DN 18]. The Court has considered it in conducting the initial review.

Plaintiff sues the following Defendants in their individual capacities: KSP Deputy Warden Jacob Bruce, KSP Internal Affairs Officer Larue, KSP Sergeant Cannon, KSP Correctional Officer Horn, KSP Lieutenant D. Neilson, and KSP Major Captain John Gibbs. Plaintiff originally listed

the Kentucky Department of Corrections ("KDOC") in the caption of his original complaint. [DN 1]. However, Plaintiff does not sue the KDOC in his amended complaint. As such, the Court will dismiss the KDOC as a named Defendant.

Plaintiff alleges that Defendants Cannon, Horn, and Neilson used excessive force against him while escorting him to the restricted housing unit in violation of the Eighth Amendment to the United States Constitution. Plaintiff further complains that he reported the excessive force incident to Defendants Bruce, Larue, and Gibbs, as instructed by KSP Warden Laura Plappert. Plaintiff maintains that Defendants Bruce, Larue, and Gibbs covered up the incident and failed to take any action against the offending officers despite it being their job "to bring these officers disciplinary actions to have them arrested and fired from their place of duty employment." [DN 8 at 8; DN 18 at 1]. Plaintiff also states that "this case is also a Federal Tort Claim Act and Wrongful Conduct Act." [DN 8 at 8].

As relief, Plaintiff seeks immediate termination and federal arrest of all Defendants and money damages. [*Id.* at 9; DN 8-2].

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

**A. § 1983**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

*1. Eighth Amendment Excessive Force*

On review, the Court will allow Plaintiff's Eighth Amendment excessive force claims to continue against Defendants Cannon, Horn, and Neilson.

### *2. Eighth Amendment Failure to Take Action*

Plaintiff sues Defendants Bruce, Larue, and Gibbs based on their failure to investigate the alleged excessive force incident, to respond appropriately to grievances that Plaintiff filed, and to discipline, fire, and/or arrest the offending correctional officers. Plaintiff does not allege any personal involvement on the part of Defendants Bruce, Larue, and Gibbs in the excessive force incident. Instead, his claims are based on these Defendants' supervisory authority over others, which is insufficient to state a § 1983 claim. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Bottom line, the failure of Defendants Bruce, Larue, and Gibbs "to take any remedial or disciplinary action against prison personnel for the alleged violation of [Plaintiff's] constitutional rights did not ratify prison personnel's alleged violations of [P]laintiff's constitutional rights, so as to permit [these Defendants] to be held liable under [§ 1983]." S*pirdione v. Washington*, No. 2:22-CV-11018, 2022 WL 1557373, at *2 (E.D. Mich. May 17, 2022) (citing *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990)).

Moreover, Plaintiff's claims based on Defendants Bruce, Larue, and Gibbs's failure to investigate the actions of others fail to state a constitutional violation because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citation omitted); *Anderson v. Memphis Union Mission*, No. 2:22-CV-02402-TLP-ATC, 2023 WL 2945317, at *9 (W.D. Tenn. Jan. 21, 2023) ("[T]he decision to conduct the investigations requested by [the plaintiff] is left to the discretion of the governmental entities."); *Jacoby v. PREA Coordinator*, No. 5:17-CV-00053-MHH-TMP, 2017 WL 2962858, at *4 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 WL 2957825 (N.D. Ala. July 11, 2017); *see also Scott v. Wright*, No. 1:24-CV-P14-JHM, 2024

WL 2249906, at *3 (W.D. Ky. May 17, 2024).

By the same token, the "denial of an administrative grievance" by a prison official or the failure to properly investigate a grievance "is an insufficient basis to impose liability on a supervisory official under § 1983." *Brown v. Whitaker*, No. 3:22-CV-2323, 2023 WL 3304505, at *3 (N.D. Ohio May 8, 2023) (citing *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

For these reasons, Plaintiff's claims against Defendants Bruce, Larue, and Gibbs will be dismissed for failure to state a claim upon which relief may be granted.

**B. FTCA**

The Federal Tort Claims Act ("FTCA") allows a private citizen to bring a negligence claim against the United States for the negligent acts of its employees during the course of their employment. *See United States v. Orleans*, 425 U.S. 807, 813 (1976); *Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975). Under the FTCA, negligence claims against the United States will be successful in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff does not seek damages from the United States; nor does he allege facts suggesting negligent or wrongful conduct by a federal employee. He, therefore, fails to state a claim under the FTCA. *See, e.g., Roberson v. Logan Cnty. Det. Ctr. Jail*, No. 1:24-CV-P51-JHM, 2024 WL 3554885, at *3 (W.D. Ky. July 26, 2024).

### C. Injunctive Relief

Plaintiff's demand for injunctive relief in the form of having Defendants fired must be dismissed. The Court does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684 at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees.").

With respect to Plaintiff's request for the federal arrest of Defendants, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Saro v. Brown*, 11 F. App'x 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Simply put, Plaintiff cannot force either state or federal authorities to criminally prosecute a KSP correctional officer because private citizens, whether or not they are incarcerated, have no right to compel the state or federal government to criminally prosecute another person. *Linda R.S.*, 410 U.S. at 619.

Thus, the Court will dismiss Plaintiff's requests for injunctive relief for failure to state a claim upon which relief may be granted.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Plaintiff's FTCA claims and injunctive relief claims; Plaintiff's claims under the Eighth

Amendment against Defendants KSP Deputy Warden Jacob Bruce, KSP Internal Affairs Officer Larue, and KSP Major Captain John Gibbs; and Plaintiff's claims against the KDOC are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. The Clerk of Court is **DIRECTED** to terminate as Defendants the KDOC, KSP Deputy Warden Jacob Bruce, KSP Internal Affairs Officer Larue, and KSP Major Captain John Gibbs from this action.

3. The Court **CONSTRUES** Plaintiff's Notice of Filing as a supplement to his amended complaint. The Clerk of Court is **DIRECTED** to attach DN 18 as a supplement to DN 8.

The Court will issue a separate Service and Scheduling Order to govern the remaining claims.

Date: May 1, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.014